[No. 9463.  In Bank. — February 17, 1887.]

# W. W. WATERMAN ET AL., RESPONDENTS, v. E. B. MORRILL ET AL., APPELLANTS.

CONTRACT FOR MANUFACTURE OF LUMBER — ACTION FOR INSTALLMENT — PAYMENT ON ACCOUNT — PRIOR ACTION — ESTOPPEL. — The action was brought to recover an installment alleged to be due the plaintiffs under a contract for the manufacture of lumber from trees cut on the land of the plaintiffs. The defendants pleaded payment on account of the lumber so cut, and gave evidence in support of the plea. The plaintiffs thereupon offered in evidence the pleadings in a prior action between the parties to recover another installment due under the same contract, in which the same payment had been pleaded by the defendants, and evidence thereof had been given. At the time of the trial, the prior action had not been finally determined. *Held,* that the defendants were not estopped from claiming the benefit of their plea of payment.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order refusing a new trial.

The facts are stated in the opinion of the court. .

*S. O. Houghton,* and *Charles B. Younger,* for Appellants.

*Bart Burke,* and *Goldsby & Jeter,* for Respondents.

PATERSON, J.— This action was brought by the plaintiffs to recover from the defendants the value of certain lumber manufactured by them out of trees cut from

land of the plaintiffs, during the months of September and October, 1882, and June, 1883, pursuant to the provisions of a certain contract in writing made by and between the respective parties, on the eleventh day of April, 1881. In respect to the averments of the complaint, the answer of the defendants only put in issue the quantity of lumber manufactured by them during the months mentioned, and the plaintiffs, upon the trial, were content to rest upon the admissions in that particular. But defendants pleaded in their answer that they had paid to plaintiffs in advance, on the 31st of December, 1881, the sum of $1,225.88 on account of said lumber so cut, and $75.73 in boarding an agent of plaintiffs at defendants' mill, during the times mentioned in the complaint, and pursuant to the terms of the contract. These allegations of the answer being deemed denied, the defendants at the trial proved the payment to plaintiffs on December 31, 1881, of $1,225.88, and in rebuttal plaintiffs, against the objection and exception of defendants, were permitted to introduce in evidence the complaint and answer in a case brought by the same plaintiffs against the same defendants under the same contract, for stumpage claimed by plaintiffs to be due thereunder for the month of November, 1882, and to and including the month of May, 1883, and in which action defendants by their said answer pleaded the same payment of $1,225.88; and plaintiffs herein also gave evidence tending to show that on the trial of the last-mentioned action proof was given of the said payment.

In the present case the court below found: —

"5. That on the thirty-first day of December, 1881, said defendants paid to said plaintiffs, in advance, for and on account of timber to be cut under said contract, and taken from said lands of said plaintiffs, the sum of $1,225.88.

"6. Which said payment was claimed by the said defendants, and allowed by the court in a certain action

numbered 636, wherein said W. W. Waterman and J. B. Waterman were plaintiffs, and said E. B. Morrill and Jacob Spidell were defendants, tried before this court on the twenty-fourth day of September, 1883, upon the same contract, for money due and owing to said plaintiffs from said defendants for lumber manufactured and shipped by defendants from said lands of plaintiffs for and during the period from November 1, 1882, to June 1, 1883."

The points of appellants are, first, that the evidence in relation to the former suit of plaintiffs against defendants was irrelevant and immaterial, and second, that it was insufficient to justify the sixth finding. The former suit was between the same parties, upon the same contract, and for the value of lumber manufactured by defendants pursuant to its terms, from November 1, 1882, to June 1, 1883. The payment in question was made under the contract, in advance, and on December 31, 1881. If it was deducted from the amount due from defendants to plaintiffs for the lumber manufactured by the former during the period involved in the former suit, surely it ought not to be deducted from the amount due plaintiffs for the lumber manufactured by defendants during the period involved in the present action, for that would be to allow defendants double credit for one payment. Respondents claim that the said payment having been pleaded in bar *pro tanto* in the former action, and being there in issue, defendants as well as plaintiffs are bound by the final result thereof, whatever it was, and therefore the circumstance that there was no evidence in the present case that the payment in question was allowed defendants in the former one is not important, although it is stated in the findings of the court below that it was so allowed.

We think, however, that before the defendants can be estopped in this case from claiming the benefit of their plea of payment, it must appear that they have had the benefit of the payment pleaded in the former suit. This

can be shown only by the record itself, and cannot be presumed from the fact that an issue has been made and tried in the former action; it must be shown that such issue has been determined on its merits; that the suit has culminated in a final judgment.

The trial of the former suit occurred September 24 to 26, 1883. This action was tried September 26, 1883. The record in the former suit, therefore, could not operate as a bar to a recovery in this case. There was no final adjudication at the time this cause was tried.

Upon the testimony given in this case, in connection with the record of the former action, showing that the payments alleged in both were identical, and that the defendants were seeking a double benefit therefor on different installments due under the same contract, the court below would have been authorized to withhold its decision in this case until the merits of the plea of payment in the former action had been finally adjudicated. This was not done, however, but the case went to judgment, and an appeal therefrom has been taken to this court. We see no way of securing the rights of all parties except by a retrial in the court below.

The judgment and order are reversed, and the cause is remanded for a new trial, with instructions to proceed in accordance with the views herein expressed.

TEMPLE, J., SHARPSTEIN, J., McFARLAND, J., and Mc-KINSTRY, J., concurred.

THORNTON, J., dissenting. — I dissent. I am of opinion that the fact was substantially found on the issue of the payment pleaded. The finding is that there was no payment. When a cause between the same parties has been tried in which the same payment was pleaded and the issue tried, the trial commencing on the 24th of September, 1883, and continuing until the 26th, and the trial of a cause between the same parties commencing

on the 26th of September, 1883, in which the same payment is also pleaded and the issue tried, and the court finds that the payment was allowed in the action first tried, it is equivalent to a finding that no payment has been made in the action on trial. (See findings set forth in the opinion of the court.)

It is said that there is no evidence which sustained the finding that there is no payment, or that it was allowed in the cause first tried, because it does not appear by findings filed that the payment was allowed in such action. But there was sufficient evidence before the court to show that the payment should not be allowed in this cause, and in my opinion the court so finds. The record shows that the two actions were on the same contract, and that the same payment was pleaded in both, and that there was evidence of the payment in the other case. It is conceded that if allowed in both cases it would be allowed twice. This was evidence enough to justify a finding of the payment in the action. first tried, and to authorize a finding against it in this action, which finding in my opinion was made.

We have a right to presume that the findings have been long since filed in the cause first tried, and this court has the power under the constitution to send an order to the clerk of the trial court to have the judgment roll certified to this court, and to inspect it; and if it appears that the payment was allowed in that cause, to affirm the judgment in this. This obviates the necessity of sending this cause back for a new trial, which trial must be a mere form, causing unnecessary expense to the parties.